## S. T. Fish, Defendant in Error, v. Pere Marquette Railroad Company, Plaintiff in Error.

## Gen. No. 16,734.

COMMON CARRIERS—*when liability ceases.* If a carrier delivers the property at the point of destination to another carrier at the direction of the consignee its liability is terminated.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed April 19, 1912.

CHARLES T. SCHWARZ, for plaintiff in error; T. R. BEMAN and M. L. BELL, of counsel.

CHARLES A. BUTLER, for defendant in error.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

Plaintiff in error, the Pere Marquette Railroad Company, prosecutes this writ of error against S. T. Fish, defendant in error, to reverse a judgment of the Municipal Court of Chicago, recovered in an action on

contract in that court by the defendant in error against the plaintiff in error for the loss of a carload of grapes shipped by the Scottdale Fruit Association, on October 5, 1907, from St. Joseph, Michigan, to the defendant in error as S. T. Fish & Co., Chicago, Illinois.

It appears that the car containing the fruit arrived at Chicago on October 7, 1907, and the consignee, defendant in error, upon being notified by the plaintiff in error of the arrival of the car, gave directions by telephone and by letter dated October 8, 1907, as follows:

"Local Freight Agent,
  Pere Marquette R. R. Co.,
    Chicago.
Dear Sir:
  Attention Diversion Order Clerk.

This is to confirm our 'phone conversation to you. 'Divert to S. T. Fish & Co., Wichita, Kans., notify Lampl Produce Co., routed c|o Rock Island F. G. E. car No. 18205, grapes; your team track expensing on connecting line free of charge to them, presenting us with expense bill for accrued freight to Chicago.'

Pardon our not having confirmed this yesterday.
    Respectfully,
(Signed)      S. T. FISH & Co.
        Gray.

We countermanded these instructions so far as expensing on C. R. I. & P. is concerned and authorized you to let charges follow.
(Signed)      S. T. FISH & Co.
        Gray."

In accordance with these instructions the plaintiff in error delivered the car of grapes to the Chicago, Rock Island & Pacific Railway Company at Chicago, and the latter company carried said car to its destination, where the grapes were delivered by the latter company to the Lampl Produce Co. The plaintiff in error had given directions to the Chicago, Rock Island & Pacific Railway Co., consigning the car in question to S. T.

Fish & Company, Wichita, Kansas, notify Lampl Produce Company, and had allowed its charges to follow in accordance with instructions of defendant in error.

It was agreed between counsel that the Chicago, Rock Island & Pacific Railway Company paid to the Pere Marquette Railroad Company on its expense bill furnished at the time shipment moved, charges of the Pere Marquette R. R. Co., up to and including the movement to Chicago from Michigan, and that the reconsigning orders were furnished by the Pere Marquette to the Chicago, Rock Island & Pacific Ry. Co., as ordered in plaintiff's letter of October 8th; also that the car in question in this case was delivered by the Pere Marquette Railroad Company to the Chicago, Rock Island & Pacific Ry. Co. under the reconsigning orders contained in the letter of October 8th of S. T. Fish & Company.

The Pere Marquette Railroad Company did not issue any bill of lading for the shipment from Chicago to Wichita; nor did S. T. Fish & Company ever request from the Pere Marquette Railroad Company any such bill of lading.

Subsequent to the transportation of the car to Wichita, and at the request of S. T. Fish & Company, the Chicago, Rock Island & Pacific Ry. Co. issued its bill of lading, dated October 15, 1907, covering the shipment in question from Chicago to Wichita, consigned to S. T. Fish & Company, notify Lampl Produce Co. This bill of lading was offered in evidence by the defendant in the court below but was ruled out by the court.

The defendant in error's statement of claim made in the court below was as follows:

"Plaintiff's claim is for money damages incurred to, to-wit: 3211 baskets of, to-wit: grapes, the property of said plaintiff, shipped from, to-wit: Chicago, Illinois, to, to-wit: Wichita, Kansas, on, to-wit: October 7, 1907, in car, to-wit:  F. G. E. 18205; incurred by

reason of the failure of said defendant to deliver said, to-wit: grapes at said destination, as follows:

Value of said, to-wit: grapes at the time of
    arrival at said destination................$931.19
Less freight to said transit.................. 216.13

    Total money damages................. 715.06"

The defendant in error amended his statement of claim in the court below so that his claim for damages was based upon the failure of the plaintiff in error to deliver the grapes at Wichita, Kansas, in accordance with directions, the grapes having been delivered without authority, permission or consent of the plaintiff below, by the defendant at Wichita, Kansas, to the Lampl Grocery Company on October 15, 1907, and that damages were claimed for the value of the grapes at destination at the time of arrival,—$931.19, with interest thereon from October 15, 1907.

It appeared that the defendant in error wrote the Chicago, Rock Island & Pacific Railway Company on November 18, 1907, making claim for the value of the grapes, and concluding as follows:

"We, therefore, look to you for reimbursal and ask for immediate payment."

On the trial in the Municipal Court, plaintiff in error requested the court to instruct the jury on the evidence produced, directing a verdict for the defendant; and error is assigned upon the refusal of the court to so instruct the jury.

We think it is clear upon the evidence that the instruction should have been given. The plaintiff in error contracted to carry the car of grapes from St. Joseph, Michigan, to Chicago, Illinois, and deliver them to the defendant in error. Upon the arrival of the grapes in Chicago, plaintiff in error was directed by defendant in error to deliver them to the Chicago, Rock Island & Pacific Railway Company for reshipment to Wichita, Kansas. It obeyed these instruc-

tions, and was under no liability of any nature or kind for the property after its delivery to the Rock Island Railway Co., in accordance with these instructions.

The evidence shows that the plaintiff in error carried out and discharged its duty with regard to the shipment in question and delivered the grapes at Chicago, according to its contract. The case of Michigan Southern & Northern Indiana R. R. Co. v. Day, 20 Ill. 375, is precisely in point. Many other cases might be cited in support of the position that the plaintiff in error is not liable for damage to property after the delivery of the same to the Chicago, Rock Island & Pacific Railway Company, but we think the law is so fundamental and so clear that it is unnecessary to take the time and space.

In our opinion there was no liability of the plaintiff in error to the defendant in error shown by the evidence in the case, and the judgment is accordingly reversed, but the case is not remanded.

*Reversed.*